**UNITED STATES of America,**

v.

**Charles Robert ROCKWELL,**
**Appellant.**

No. 02–2077.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) April 11, 2003.

Decided April 21, 2003.

Before BARRY, ROSENN, Circuit
Judges and POLLAK,* District Judge.

OPINION

BARRY, Circuit Judge.

Appellant Charles Rockwell was charged in a one count indictment with making false statements in the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). He entered a plea of guilty and was sentenced on April 12, 2002 to a prison term of 77 months, three years supervised release, and a $100 special assessment. He appealed, and now argues that the judgment of sentence should be vacated because, during the plea colloquy, the District Court failed to explicitly ascertain that his plea was not the product of any force or threats. Notably, Rockwell does not assert actual innocence, or that there was any improper coercion before, during, or after his plea.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and appellate jurisdiction is proper in this Court under 28 U.S.C. § 1291. We will affirm.

We note initially that because defense counsel failed to object to the technical error now objected to, we review for plain error. *See, e.g., United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). Under the plain error standard of review, Rockwell must show: 1) that an error occurred; 2) that the error was a plain error; and 3) that the error affected his substantial rights. *United States v. Olano,* 507 U.S. 725, 732–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Moreover, even where these requirements are met, we should only correct the error if it is found to have "seriously affect[ed] the fairness, integrity or public reputation of [the] judicial proceedings." *See id.* at 732 (quotations and citations omitted).

No such finding can be made here. First of all, Rockwell acknowledged in his signed plea agreement that "[n]o other promises or inducements have been or will be made ... in connection with this case, nor have any predictions or threats been made in connection with this plea." (App. at 18–19). Moreover, he has never maintained that he was coerced, and he candidly admitted his guilt at the Rule 11 colloquy. In the absence of even an assertion that any rights, let alone substantial rights, were affected or an assertion that, but for the error, the outcome of the criminal proceeding would have been the slightest bit different, Rockwell cannot prevail.

We will affirm the judgment of sentence.

* The Honorable Louis H. Pollak, Senior District Judge, United States Court for the Eastern District of Pennsylvania, sitting by designation.